DIAZ, Circuit Judge,
concurring in the judgment:
I would hold that the district court abused its discretion in excluding the plaintiffs expert witness. In my view, the plaintiffs expert largely used the same data as the defendant’s experts, offered reasonable explanations discrediting some alternative theories of the accident, and did not make “wholly conclusory finding[s] based upon his subjective beliefs rather than any valid scientific method,” Cooper v. Smith & Nephew, Inc., 259 F.3d 194, 200 (4th Cir. 2001). Thus, the district court’s decision to exclude the expert was premised more on the expert’s conclusions—and the conflict between those conclusions and the district court’s own findings on contributory negligence and assumption of risk—rather than on flaws in the expert’s methodology.
Nonetheless, even after considering the plaintiffs expert testimony, I agree with the district court that Cady’s assumption of the risk of injury bars any recovery as a matter of law. “The assumption-of-risk doctrine ‘is grounded on the theory that a plaintiff who voluntarily consents, either expressly or impliedly, to exposure to a known risk cannot later sue for damages incurred from exposure to that risk,’” Meyers v. Lamer, 743 F.3d 908, 912 (4th Cir. 2014) (quoting Crews v. Hollenbach, 358 Md. 627, 751 A.2d 481, 488 (2000)). Ordinarily, the jury determines “whether a plaintiff knew of the danger, appreciated the risk, and acted voluntarily.” Id. (quoting Warsham v. James Muscatello, Inc., 189 Md.App. 620, 985 A.2d 156, 168 (2009)). However, “when it is clear that a person of normal intelligence in the position of the plaintiff must have understood the danger, the issue [concerning knowledge, appreciation of the danger and voluntariness] is for the court.” Id. (quoting Warsham, 985 A.2d at 168) (alterations in original).
At best, the plaintiffs expert testimony in this case suggests that mechanical failure caused the accident.* But this was the *129 same risk Cady assumed when he chose to operate a van that had already malfunctioned, without proper training, and with parts of the AEVIT system disengaged. There were numerous warnings, in both the van and the owner’s manual, which cautioned that such actions could lead to steering control failure, injury, or death. Despite these warnings, Cady drove the van, lost control, and got into an accident. His injuries arose from the precise risk he assumed. Indeed, Cady’s decision to first test-drive the van in a parking lot, before driving it on the open road, demonstrates his appreciation of the relevant risk.
I therefore concur in the court’s judgment.